## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

SHENZHEN XIANG YUN DUAN NETWORK
TECHNOLOGY CO., LTD.  DBA NIWNIW,
YANTAI MINGDE E-COMMERCE CO., LTD.
DBA ZOERLOL, JIUJIU ZHU SHENZHEN
PROPERTY SERVICE CO., LTD DBA GOLD JX,
AND SHENZHEN ZHANSHAN PROPERTY
SERVICE CO. LTD. DBA AVIJ,

         *Plaintiffs*,

    v.

DYNAMIC MANUFACTURING GROUP LLC,

        *Defendant*.

Civil Action No. 25-cv-61038

JURY DEMAND

## ORIGINAL COMPLAINT

Plaintiffs Shenzhen Xiang Yun Duan Network Technology Co. Ltd. dba NiwNiw ("SXYD"), Yantai Mingde E-Commerce Co. Ltd. dba Zoerlol ("YM"), Jiujiu Zhu Shenzhen Property Service Co., Ltd dba Gold JX ("JZ") , and Shenzhen Zhanshan Property Service Co. Ltd. dba AviJ ("SZ") (collectively "Plaintiffs") file this declaratory judgment action of patent non-infringement of certain trailer lock products as defined herein ("Accused Products")" and patent invalidity against United States Patent No. 11,427,044 (the "'044 Patent"). Plaintiffs further bring a related state law claim for tortious interference.

## INTRODUCTION

1.  Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a

dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2.      The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%. that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.      Nine out of ten American consumers use Amazon to price check product they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.      In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused Product and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.      It is against this backdrop that Defendant Dynamic Manufacturing Group, LLC ("Defendant") reported to Amazon meritless "Intellectual Property Violation" against the Accused Product, specifically alleging infringement of the '044 Patent, and resulting in the delisting of at some of the Accused Products.

## NATURE OF THE ACTION

6.      This is an action for Declaratory Judgment of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

## PARTIES

7.      Plaintiffs Shenzhen Xiang Yun Duan Network Technology Co. Ltd. dba NiwNiw, Yantai Mingde E-Commerce Co. Ltd. dba Zoerlol, Jiujiu Zhu Shenzhen Property Service Co., Ltd dba Gold JX, and Shenzhen Zhanshan Property Service Co. Ltd. dba AviJ are foreign legal entities organized under the laws of the People's Republic of China.

8.      Upon information and belief, Defendant Dynamic Manufacturing Group, LLC is a limited liability company organized under the laws of Florida with a principal place of business at 2310 Dock St., Unit 111, Palmetto, FL 34221, United States.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et. seq*. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.      Defendant is subject to this Court's personal jurisdiction pursuant to the due process clause of the Constitution and/or the Florida Long Arm Statute, due at least to Defendant's

substantial business in this State, including: regularly conducting and soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from Florida residents.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE ACCUSED PRODUCTS

12.     Plaintiffs are e-commerce companies selling various trailer lock products on the Amazon marketplace.

13.     The Accused Products at issue are the trailer lock products identified by ASIN Nos. B0D9M6ZW66, B0D9M815Z9, B0DYJVNZD5, B0DYJX1B9G, B0DYK2S983, B0DZ1PS6J2, B0DZ1N29PQ, B0DZ1NXN29, B0DZ1NL1PY, B0DFH3VV1F, B0DFH5V4MY, B0DFH5NMCT, B0DFH5PXJ9, B0DFH6M6P2, B0DV5LTC82, B0DFH4XB39, B0DZ1YQLTD, B0DZ23BH4M, and B0DZ1XR34Y.

14.     The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for trailer lock, Plaintiffs need their products listed in the Amazon marketplace.

15.     Defendant's ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiffs. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, reviews, and ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 11,427,044

16.     Defendant is the named assignee of record of the '044 Patent, attached as Exhibit A.

17.     The Patent is entitled "TRAILER COUPLER LOCK ASSEMBLY" and generally discloses: "[a] trailer coupler lock assembly has a rigid protective case that receives an interlock adapter for interlocking a trailer coupler within the rigid protective case. The rigid protective case has a compartment dedicated for securing a safety chain assembly." *Id.*

18.     The Patent was filed on June 28, 2019, and issued on August 30, 2022. *Id.*

19.     The Patent comprises nineteen (19) claims all directed to a trailer lock. *Id.*

**DEFENDANT**

20.     Defendant sells trailer lock products.

21.     On or around May 5, 2025, Defendant lodged meritless Amazon Infringement Complaint (Complaint ID: 17679839461) against Plaintiff SXYD and the Accused Product identified with ASIN B0D9M6ZW66. *See* Exhibit B. Therein, Defendant identified the '044 Patent as the intellectual property asserted.

22.     Defendant further identified Dynamic Manufacturing Group, LLC as the rights holder and provided its email as <derek@plusfirm.com>.

23.     Amazon responded to the Complaint by quickly removing or delisting the Accused Product identified with ASIN B0D9M6ZW66. All Accused Products are manufactured by the same factory with the identical structure. In view of Defendant's ongoing complaints against other sellers on Amazon.com, all Accused Products are subject to delisting because of Defendant's complaints of patent infringement.

**PRIOR ART**

1.      The Proven Model 2178-A ("Proven C Reference") was available for sale on www.provenlocks.com and contains customer reviews dated as early as August of 2016, which is over two years before the Patent's earliest claimed effective filing date of June 28, 2019. *See*

Exhibit C. Upon information and belief, www.provenlocks.com is commonly owned or controlled by Defendant.

2.     The Rough Rider's Adventure video ("Rough Riders Reference") was first available on Youtube.com as of June 5, 2017, which is two years before the Patent's earliest claimed effective filing date of June 28, 2019. *See* Exhibit D.

3.     The Proven Industries Model 2178-A Trailer Lock, Fits 2-Inch Yoke-Latch Trailer Couplers, Secures Safety Chains (ASIN: B01IRPRPZC) ("Proven E Reference") was first available on Amazon as of July 20, 2016, which is over two years before the Patent's earliest claimed effective filing date of June 28, 2019. *See* Exhibit E.

## CLAIM I: DECLARATORY JUDGMENT OF INVALIDITY

4.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

5.     An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the validity of the Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

6.     Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the claims of the '044 Patent are invalid for failure to meet the statutory requirements of patentability, such as 35 U.S.C. §§ 102-103.

7.     For example, independent claim 1 is anticipated by either the Proven C Reference, Rough Riders Reference, and/or Proven E Reference. The claims of the '044 Patent were either explicitly taught or disclosed by the cited prior art references because the Defendant's products were publicly available and on sale more than 1 year prior to the filing of '044 Patent.



## Model 2178-A

4 interest-free installments, or from **$21.21**/mo with shop Pay   Check your purchasing power

### $235.00

| Puck Lock | Choose option |
| --- | --- |
| Keying Option | Choose option |

**In Stock Ready to ship**

Do you already own a Proven Lock? *

Select One

Quantity    −  1  +    ADD TO CART

Exhibit C



Exhibit D



Exhibit E

8.      As shown in the above figures above, claim 1 of the '044 Patent is fully anticipated by the cited prior art references by showing "a rigid protective case" and "an interlock adapter including a hasp".

9.      Plaintiffs therefore request a judicial declaration that the claims of the '044 Patent are invalid.

## CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

11.     An actual, continuing, and justiciable controversy exists between Plaintiffs and Defendant as to the non-infringement of the '044 Patent by the Accused Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

12.     Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any claims of the Patent.

13.     For example, the Accused Products does not comprise each and every element of independent claim 1 of the Patent. Critically, the Accused Products do not comprise the claimed "an interlock adapter for interlocking a trailer coupler within the rigid protective case, the interlock

adapter being detachably associated with the rigid protective case, the interlock adapter including the hasp;" of claim 1.

14.     The '044 Patent discloses that the "Rigid protective case 116 includes a second opening (front opening) 212 for receiving the hasp 154 of interlock adapter 118." Ex. A at 8:13-15.

15.     In comparison, Accused Products only have a loop but do not have a hasp. The loop sits in the cylindrical protective shell without engaging with another slot or plate. A hasp requires a fastener or plate that is slotted over the loop to form the hasp. The said Accused Products do not feature any fastener or plate that is slotted over the loop, which contrasts with the '044 Patent. Thus, the interlocking assembly for the Accused Products is clearly distinct from what is specified in the '044 Patent, as shown in the figure below.



'044 Patent                                    Accused Products

16.     As discussed herein, it is clear that the Accused Products are distinct and do not infringe the '044 Patent, and that the alleged infringement is objectively baseless.

17.     Plaintiffs therefore request a judicial declaration that the Accused Products do not infringe any claims of the '044 Patent.

## CLAIM III: TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS
## RELATIONSHIP

18.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

19.     By lodging the Complaint in bad faith with knowledge that the '044 Patent was not infringed, and thereby knowingly asserting a false patent infringement claim against Plaintiffs, Defendant caused Amazon, who is and was in a contractual relationship with Plaintiffs, to delist or remove the Accused Products in error.

20.     Defendant knew that Plaintiffs and Amazon had and have a contractual relationship related to the sale of the Accused Products.

21.     Defendant willfully and intentionally committed acts, namely lodging the Complaint in bad faith, calculated to cause damage to Plaintiffs in their lawful business, namely the sale of the Accused Products on Amazon.

22.     Defendant had actual knowledge of the existence of the contract and of Plaintiffs' interest in it, or knowledge of facts and circumstances that would lead a reasonable person to believe in their existence. For example, Defendant knew that Plaintiffs operate and sell the Accused Products via the Amazon platform.

23.     Defendant's acts were the proximate cause of the harm as Amazon removed the Accused Products in direct response to the bad faith Complaints.

24.     As a result of Defendant's acts and the bad faith Complaint, Plaintiffs have suffered damages in the form of lost sales, harm to business reputation, and harm to their Amazon health ranking.

25.     Plaintiffs pray for a finding and judgment against Defendant for tortious interference with contract and business relationship and an award of damages thereon.

- 10 -

## JURY DEMAND

26.     Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, demand a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter the following in favor of Plaintiffs:

A.   Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the '044 Patent, and to refrain from lodging any further infringement complaints regarding the same;

B.   A finding and declaratory judgment that the Accused Products do not infringe any claims of the '044 Patent;

C.   A finding and judgment that this case is exceptional and an award to Plaintiffs of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

D.   Such further and additional relief as the Court deems just and proper.

Dated: May 23, 2025                     Respectfully submitted,


By /s/ Benjamin W. Dowers
Benjamin W. Dowers, Esq.
bwd@guntherlegal.com
Fla. Bar No.: 91401
Gunther Legal, PLLC
1800 SE 10th Ave, Suite 220
Fort Lauderdale, FL 33316
954-556-1487
*Counsel for Plaintiffs*